**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Gaston, II,<br><br>       Plaintiff,<br><br>v.<br><br>General Motors Company, et al.,<br><br>       Defendants. | No. CV-25-03998-PHX-SMB<br><br>**ORDER** |

The Court considers General Motor Company ("GM") and AmeriCredit Financial Service, Inc. d/b/a GM Financial's Motion to Dismiss (Doc. 24). The Court grants the Motion.

## I.    BACKGROUND

The Court considers the Second Amended Complaint ("SAC"). The SAC is not a beacon of clarity. The SAC alleges as follows. On June 3, 2025, Plaintiffs Katrina Gatson and James Gatson II purchased a car from Defendant Sands Chevrolet, LLC. (Doc. 21 at 3.) "Plaintiffs were told that James II would be a 'co-signer'" but "Sands instead listed him as the borrower" without explanation. (*Id.*)

"The printed name on the contract [was] 'James Early Gatson II." (*Id.* at 4.) However, "[m]ultiple pages of the contract packet contain computer-generated signatures for 'James Gatson'" which "legally refers to James Gatson, the father of Plaintiff James II." (*Id.* at 4.) "These signatures were placed by Sands Chevrolet personnel or their electronic system without authorization." (*Id.*)

The SAC alleges that "Plaintiffs never received any notice that the contract had been assigned or sold to AmeriCredit Financial Service, Inc. d/b/a GM Financial." (*Id.*) "GM Financial has produced no assignment, no endorsement, and no bill of sale" and thus "has not proven ownership of the alleged debt." (*Id.*)

In July 2025, Katrina "sent a Qualified Written Request demanding: a. Proof of ownership b. Chain of title c. Accounting history d. Validation of debt. E. Assignment documentation." (*Id.*) GM Financial only responded with a copy of the "Retail Installment Sale Contract ('RISC')" and the credit application. (*Id.*)

Thereafter, GM Financial "continued reporting derogatory information to Experian, Equifax, and TransUnion." (*Id.*) James II "lost housing opportunities and could not again custody of his child due to the false credit reporting." (*Id.*)

GM Financial repossessed the car at Katrina's workplace on October 21, 2025. (*Id.*) The repossession took place "on private school property, during recess and dismissal, in view of minor students, causing panic and disruption." (*Id.* (citation modified).) This "caused emotional distress and public humiliation." (*Id.*)

Plaintiffs assert the following claims against GM Financial: (1) failure to provide assignment notice under the Truth in Lending Act ("TILA") 15 U.S.C. § 1641(g); (2) failure to investigate dispute under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681s-2(b); (3) collection after failure to validate under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692g(b); and (4) breach of peace under A.R.S. § 47-9609(b)(2). (Doc. 1 at 6–7.) Plaintiffs do not assert any claims against GM.

## II.    LEGAL STANDARD

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This notice exists if the pleader sets

forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

**III.    DISCUSSION**

At the outset, the Court dismisses GM as a party with prejudice. There are no claims asserted against GM and there are no facts relating to GM. GM raised this point in its

Motion and Plaintiffs do not address this point in their briefing. The Court thus proceeds to consider the claims asserted against GM Financial. These claims are dealt with in short order.

First, Plaintiffs do not have cause of action under § 1641(g). The statute pertains only to mortgage loans, not retail installment sale contracts. *See Folan v. Santander Consumer USA Inc.*, No. 1:25-CV-11341-JEK, 2025 WL 1707231, at *5 n.10 (D. Mass. June 18, 2025). That claim is accordingly dismissed with prejudice.

Second, Plaintiffs fail to state a claim under § 1682s-2(b). "To establish a claim under § 1682s-2(b), a plaintiff must show (1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. 1681s-2(b)(1)(A)–(E)." *Shahadi v. Navy Fed. Credit Union*, No. CV-25-03363-PHX-SMB, 2025 WL 2879751, at *3 (D. Ariz. Oct. 9, 2025) (citation modified). Plaintiffs fail to establish any of these elements. Specifically, Plaintiffs' claim fails at the first element. Plaintiffs only allege that "GM Financial continued reporting derogatory information." (Doc. 21 at 6.) Plaintiffs provide no other information on this point. Accordingly, Plaintiffs' § 1682s-2(b) claim is dismissed without prejudice.

Third, Plaintiffs fail to state a claim under § 1692g(b). "The FDCPA only applies to 'debt collectors,' and a creditor is not a 'debt collector' when it attempts to collect its own debt." *Arthur v. Windsor Shadows Homeowner's Ass'n*, No. CV-20-00435-PHX-DJH, 2021 WL 1208962, at *4 (D. Ariz. Mar. 31, 2021). GM Financial is not a debt collector because the contract was assigned to GM Financial, and thus, GM Financial was collecting a debt owed to itself. Many courts have similarly found that GM Financial is not a debt collector under like circumstances. *See, e.g.*, *Amezcuz v. GM Fin.*, No. 8:21-CV-01081-JLS-DFM, 2022 WL 1843993, at *2 (C.D. Cal. Feb. 24, 2022) (finding that GM Financial is not a debt collector under materially similar facts);

*Cotterell v. Gen. Motors LLC*, No. 3:19-CV-822 (MPS), 2019 WL 6894256, at *4 (D. Conn. Dec. 18, 2019) (finding that GM Financial is a creditor under the FDCPA because it "did not receive the assignment for the purpose of facilitating the collection of a debt for another"). Accordingly, Plaintiffs' § 1692g(b) claim is dismissed with prejudice.

Finally, Plaintiffs fail to claim that GM Financial breached the peace under § 47-9609(b)(2). Under Arizona's Uniform Commercial Code, a secured party may not breach the peace when repossessing a vehicle. *See Wiley v. On Point Recovery & Transp. LLC*, 757 F. Supp. 3d 943, 946 (D. Ariz. 2024). Whether a party breaches the peace is a fact-specific inquiry, and relevant factors include: "whether the creditor used force or violence; whether the creditor entered the debtor's premises; whether the debtor protested the repossession; whether the creditor damaged the debtor's property during the course of repossession; and whether law enforcement officers were present." *Id.* at 947. The SAC does not include any allegations suggesting that any of these factors were present when GM Financial repossessed the car. At bottom, there are no allegations of violence, protestation, property damage, or the presence of law enforcement. Plaintiff relies entirely on the fact that the repossession occurred on private school property, during school hours, in front of students. (Doc. 27 at 5.) These facts do not go to any of the factors mentioned. Accordingly, the Court dismisses Plaintiffs' breach of peace claim without prejudice.

The SAC must address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. Within thirty (30) days from the date of entry of this Order, Plaintiffs may submit a Third Amended Complaint. Plaintiffs must clearly designate on the face of the document that it is the "Third Amended Complaint." The Third Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the SAC by reference.

The Court draws attention to the District of Arizona's Federal Court Advice Only Clinic, Federal Court Advice Only Clinic - Phoenix | District of Arizona | United States District Court (uscourts.gov). The Court also notes the E-Pro Se program which assists litigants with creating a Complaint form, Welcome - eProSe (uscourts.gov). Lastly, the

Court advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, www.azd.uscourts.gov, by following the link "Self-Represented Litigants."

**IV.    CONCLUSION**

Accordingly,

**IT IS ORDERED granting** GM and GM Financial's Motion to Dismiss (Doc. 24). Count II and Count V in the SAC are dismissed with prejudice.  Count IV and Count VIII in the SAC are dismissed without prejudice.

**IT IS FURTHER ORDERED dismissing** GM from this case with prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Third Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court shall dismiss this action without further order from the Court.

Dated this 16th day of June, 2026.

Honorable Susan M. Brnovich
United States District Judge